**SO ORDERED.**

**SIGNED this 10 day of March, 2009.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## NEW BERN DIVISION

**IN RE:**

**SHEARIN FAMILY INVESTMENTS, LLC,**

| | |
|---|---|
| **DEBTOR.** | **CASE NO. 08-07082-8-JRL** |
| | **CHAPTER 11** |

| | |
|---|---|
| **CENTURION CONSTRUCTION COMPANY, INC.,** | |
| Plaintiff, | **ADVERSARY PROCEEDING NO.** |
| v. | **L-09-00051-8-AP** |
| **RBC REAL ESTATE FINANCE, INC.,** assignee of RBC BANK (USA), f/k/a RBC CENTURA, | |
| Defendant. | |

_____

### ORDER

This matter is before the court on the plaintiff's motion for injunctive relief. The court conducted a hearing on this matter on March 5, 2009 in Raleigh, North Carolina.

Centurion Construction Company, Inc. (Centurion) is the general contractor for a 70 unit

condominium project in Indian Beach, North Carolina known as the Nautical Club. The debtor, Shearin Family Investments, LLC, (Shearin) is the developer of the project. RBC Bank (RBC) is the lender.

In early January 2009, Centurion shut down the project due to non-payment. On January 14, 2009, this court conducted a hearing in which RBC sought injunctive relief against Centurion to force the company back to work. RBC's motion was denied. On January 16, RBC and Centurion reached an agreement about terms of funding. The agreed terms included the provision that RBC would, subject to court approval, lend $830,144.15 for the payment of Centurion's subcontractors. In return, Centurion would continue work to complete the building project without further delay or stoppage. This court entered an order on February 18, 2009, approving post-petition financing in the amount of $8,000,000.00. The $830,144.15 is a line item in this post-petition financing.

At hearing, it was established that Centurion has yet to receive any payment. Centurion asserted that it had gone to great lengths to keep the project on schedule, abiding by all terms of the January 16, 2009 agreement. Due to the delay in RBC's advance of approved post-petition financing, however, Centurion further asserted that their subcontractors were again threatening to walk off the job. In addition, Centurion's bonding capacity has been limited because of the large receivable owing from the debtor. Centurion moved the court to direct RBC to pay the monies they had agreed to fund.

RBC asserted that it was not intentionally delaying post-petition financing. Condition precedents were attached to the approval of post-petition financing, and were included in this court's order. One such condition was that: "A third party acceptable to the Lender will review the DIP Budget on behalf of the Lender for its acceptability." RBC further asserted that the third party was

supposed to review the budget that morning, but due to the hearing was unable to complete the review as scheduled. RBC was confident that all preconditions would be met and funding made available within one week.

The money subject to this action is not a part of a separate agreement between Centurion and RBC. The $830,144.15 is tied to the $8,000,000.00 post-petition financing agreement reach between RBC and Shearin and approved by this court. The covenants of the post-petition financing agreement approved by this court, therefore, are applicable to the $830,144.15. The court cannot conclude that RBC has acted unreasonably in closing the post-petition financing loan, particularly in light of its stipulation to fund the Centurion amount by March 13, 2009 at the latest.

Based on the foregoing, the motion for a temporary restraining order is DENIED, contingent upon the agreement from RBC that funding be made available on or before March 13, 2009.

END OF DOCUMENT